IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                                                                 ORDER

                Plaintiff,

                                                               12-cv-535-bbc

    v.

GARY H. HAMBLIN, Secretary, his Wardens,
Superintendents, Agents, Designees, and any Successors,
COREY BENDER, JODINE DEPPISCH,
KAREN GOURLIE, ANGELA HANSEN,
CATHY A. JESS, FLOYD MITCHELL,
MOLLY S. OLSON, JAMES PARISI,
WELCOME F. ROSE, RENEE SCHUELER
and MARK K. HEISE,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiff Alan David McCormack is proceeding on claims that defendants retaliated against him for filing a lawsuit about prison conditions, parole decisions and security classifications. Now before the court are plaintiff's renewed motion for appointment of counsel, as well as motions "for joinder of persons needed for just adjudication" and to hold defendants in contempt. For reasons explained below, I will deny each motion.

1

MOTION FOR APPOINTMENT OF COUNSEL

In a January 10, 2013 order in this case, I denied plaintiff's original motion for appointment of counsel. Dkt. #21. Plaintiff has now renewed his motion. (Courts have no authority to "appoint" counsel to represent a pro se plaintiff; they may only recruit counsel who are willing to serve in that capacity.) In deciding whether to try to recruit counsel for plaintiff, I must first find that he has made a reasonable effort to find a lawyer on his own and has been unsuccessful. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Plaintiff supported his previous motion with three rejection letters from attorneys, which would usually suffice to show a reasonable effort. However, those were rejections of his request that they take on his entire 140-page complaint that has since been cut back. Plaintiff may find outside counsel to be more receptive to taking this case now that it has been severed from the whole.

In the January 10 order, I stated as follows:

> Plaintiff says that he has limited knowledge of the law and limited law library access. He believes that the issues in this case are complex and will require significant research and investigation. In addition, he says that legal counsel will better be able to present the evidence and cross examine witnesses at trial.
>
> Although there is no doubt that a lawyer would be able to help plaintiff, nothing in the record suggests that plaintiff lacks the ability to litigate his case. He may lack legal knowledge, but this handicap is almost universal among pro se litigants. Plaintiff has ample litigation experience and his complaint demonstrates his ability to research the law. In any case, his remaining retaliation claims do not involve complex law that would likely require substantial research. The facts are straitforward and within his personal knowledge. He appears capable of gathering and presenting evidence to prove his claims.

Dkt. #21. Nothing in plaintiff's new filings persuade me that I was incorrect in the previous order. Plaintiff asserts that a lawyer would be more effective in handling the various discovery and other pretrial matters at hand, but this is the case in every pro se lawsuit and is not a reason to recruit counsel in and of itself. Accordingly, I will deny plaintiff's renewed motion for the court's assistance in finding counsel.

### MOTIONS TO AMEND COMPLAINT AND FOR CONTEMPT

Plaintiff has filed also a motion he titles as one "for joinder of persons needed for just adjudication," in which plaintiff states that several prison officials joined "in conspiracy and partnership" with the currently named defendants to retaliate against plaintiff, hampering his ability to litigate this case. I construe this motion as one to amend the complaint to include these new claims. Plaintiff includes a motion for contempt in which he adds more details about the retaliation, such as his mail being taken, his job being discontinued and his being detained on false pretenses while he had a pretrial conference scheduled in this case. As plaintiff admits, these new allegations are very similar to those he raised in a motion for preliminary injunctive relief in this case and in a virtually identical motion for "joinder of persons" in case no. 12-cv-925-bbc. In denying plaintiff's previous motion for a preliminary injunction, I stated:

> The new allegations involve six individuals who are not parties to this suit. The only defendant he mentions is Scheuler, who denied plaintiff's inmate complaints in both cases. Moreover, plaintiff has not alleged that the retaliation is impairing his ability to litigate this case. Being in a double cell does not interfere with his ability to litigate. Although plaintiff alleges that he needed to apply for legal loans because of his termination from his prison job,

3

he does not allege that he was denied loans or that he was unable to litigate this case for lack of funds. On the contrary, plaintiff has filed numerous motions, documents and third-party affidavits. The motion for preliminary relief will be denied.

Dkt. #47. See also case no. 12-cv-925-bbc, dkt. #31 (denying motions "for joinder of persons" and contempt). Plaintiff's current motions suffer from the same problems. Although plaintiff states that the proposed new defendants are attempting to violate his right to access the courts, he fails to show that he has actually been prevented from litigating the case. In particular, the court continues to receive motions and other submissions from plaintiff and the preliminary pretrial conference was held on the scheduled day. In short, plaintiff has not shown any reason to hold defendants in contempt. It makes no sense to allow plaintiff to amend the complaint at this stage of the proceedings, particularly where the new claims are related only tenuously to any of the named defendants and involve events unrelated to the claims on which plaintiff is proceeding in this lawsuit. Accordingly, plaintiff's motions will be denied. To the extent he seeks to bring retaliation claims against the proposed new defendants, he will have to bring them in a new lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Alan David McCormack's motion for the court's assistance in recruiting counsel, dkt. #51, is DENIED without prejudice.

2. Plaintiff's motion to amend the complaint, dkt. #50, is DENIED.

3. Plaintiff's motion for contempt, dkt. #53, is DENIED.

Entered this 5th day of September, 2013.

>					BY THE COURT:
>
>					/s/
>					BARBARA B. CRABB
>					District Judge